UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:11-CR-00072 |
| v. | : | **OPINION AND ORDER** |
| RICARDO BEASLEY | : | |

Defendant Beasley stands charged with a distribution of controlled substances count and three firearms-related counts. He has submitted two motions to suppress; a hearing on the motions was held on September 1, 2011. For the following reasons, the Court DENIES Defendant's motions.

As an initial matter, the Government suggested in its opposition to Defendant's motion that Defendant lacked standing to assert a violation of the Fourth Amendment (doc. 27). However, Defendant, in reply, noted that the Government had in its possession an audio tape recording of a conversation between one of the arresting officers and the owners/managers of the building at issue wherein the owners/managers confirmed that Defendant is the resident of Apartment F at 5829 Vine Street, the site of the execution of the warrant (doc. 28). The Government conceded standing at the hearing.

I.    **The Search Warrant**

   A.   **The Warrant Was Not Based on Stale Information**

Defendant moves to suppress all evidence obtained during the execution of the search warrant in this case based on a defective affidavit. Specifically, he argues that it was defective because it was based on stale information and because it was devoid of reliable information from which a judge could find probable cause that contraband would be found at Apartment F at 5829 Vine Street. He premises his stale information argument on an assertion that the affidavit failed to provide a date or time period during which the informant allegedly viewed the drugs and guns at the identified residence.

The Government, on the other hand, reads the affidavit to include a time period. The section of the affidavit at issue reads, "Within the past 72 hours the affiant spoke in person with a qualified reliable informant that entered the residence." The Government argues that the only reasonable reading of that sentence is that the informant entered the residence within the past 72 hours <u>and</u> that the affiant spoke with the informant within the past 72 hours. Beasley argues that it should be read to mean <u>only</u> that the affiant spoke to the informant within the past 72 hours and that it is silent as to when the informant entered the residence. Because, according to Beasley, no time frame was given as to when the informant entered the residence, the information provided in the affidavit was stale and should not have been relied on for the issuance of the warrant (doc. 20, citing <u>United States v. Hython</u>, 443 F.3d 480 (6th Cir. 2006), invalidating search warrant where

affidavit failed to provide a date on which the alleged criminal acts occurred).

The grammatical choices made by the affiant in the line at issue in the affidavit here are unfortunate: "Within the past 72 hours the affiant spoke in person with a qualified reliable informant that entered the residence." This is a classic case of the problems presented by dangling modifiers. Does "[w]ithin the past 72 hours" address when the affiant spoke with the informant, or does it address when the informant entered the residence, or does it address both? While the Court appreciates Defense counsel's creative exploitation of the affiant's grammatical errors, the Court finds that, unlike the affidavit at issue in Hython, the affidavit here is not silent as to a date on which the criminal activity allegedly occurred. A commonsense reading of the affidavit leads to the conclusion that "[w]ithin the past 72 hours" modifies both when the affiant spoke with the informant and when the informant entered the residence at issue.

Even if the Court were to find otherwise, or find that the dangling modifier creates unresolvable ambiguity, because the wording can easily lend itself to the reading the Court embraces here, the Court would find that the good faith exception set forth in United States v. Leon, 468 U.S. 897 (1984) would apply. The relevant question for the Court is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922, n.

"[A] determination of good-faith reliance, like a determination of probable cause, must be bound by the four corners of the affidavit." United States v. Laughton, 409 F.3d 744, 751 (6th Cir. 2005). Here, because the wording of the affidavit credibly lends itself to a reading that provides the requisite time frame (here, within the past 72 hours), the information provided within the four corners of the affidavit supports a good-faith reliance finding. This is not a situation where the magistrate is accused of having relied on information not contained in the affidavit or information known but not recorded by the affiant; instead, this is a situation much more akin to a scrivener's error. The exclusionary rule should be applied in cases where it will result in "appreciable deterrence" on future police misconduct. Arizona v. Evans, 514 U.S. 1, 11 (1995). Dangling modifiers are simply not the type of "police misconduct" encompassed by the protections of the Constitution. Thus, even if the affidavit were found lacking in a specific time frame, the Court would find that application of the exclusionary rule under these circumstances would be inappropriate.

   **B. The Affidavit Provides the Requisite Corroboration**

In addition, Beasley argues that the affidavit provides no corroboration by the officers of the information provided by the informant and merely gives conclusory statements about why the informant should be considered reliable. He points to the following as the only language in the affidavit that refers to the

informant's qualifications: "Within the past 72 hours the affiant spoke in person with a qualified reliable informant that entered the residence." Defendant argues that these conclusory statements about the informant's reliability are insufficient to support a finding of probable cause and, absent greater detail about the informant's reliability, the affiant should have provided some independent corroboration of the informant's story. Here, Defendant contends, no such corroboration was provided, and the affidavit thus did not provide probable cause for the issuance of the warrant.

The Government responds that Beasley's argument should fail for three reasons, which the Court addresses in turn. First, the Government notes that where an informant witnessed illegal activity and the informant is known to the affiant, that is sufficient to establish the informant's reliability, and no additional police corroboration is necessary. See United States v. Dyer, 580 F.3d 386, 392 (6th Cir. 2009)("Because the informant witnessed the illegal activity on the premises searched and was known to the officer writing the affidavit, there were sufficient indicia of reliability without substantial independent police corroboration.").

Here, the informant claims to have witnessed a "medium size bag of heroin and a medium size bag of crack cocaine...hidden outside [the main resident's] window in a section of the brick and mortar that he has dug out to make room for the narcotics" and that

scales were "hidden in the apartment within the owners clothing and hats." Thus, the informant "witnessed the illegal activity on the premises searched." In addition, the affiant swore that he knew the informant to be "qualified confidential and reliable." Thus, under Dyer, no substantial independent police corroboration was needed, and the warrant survives Beasley's attack.

Second, even if independent corroboration was necessary, the Government argues that it was provided. Specifically, the affidavit includes the following statements, "The informant advised the affiant that there were two to three male black subjects in the residence with identification known to the affiant on all three subjects. All three subjects have extensive criminal histories with weapons charges also." Further, the affiant swore that he "had previous intelligence and investigation that two of the male black subjects have tried to sell a handgun to an additional informant in the past two months." The Court agrees that this information provides sufficient independent police corroboration of the information provided by the informant such that the informant's reliability was established.

Third, the Government reads the affidavit to provide specific information about the informant beyond the opening "conclusory" statements about his reliability. Specifically, the final line of the paragraph at issue reads, "The affiant has utilized this confidential and reliable informant over past six months and has been proven to be a reliable source of information."

This, the Government contends, provides an explanation for why the affiant initially described the informant as "qualified confidential and reliable."

Beasley, however, contends that this statement refers not to the informant who viewed the drugs at the residence in question but, instead, to the "additional" informant mentioned in the statement just prior to the statement on which the Government relies. In context, the statement reads as follows: "The affiant has previous intelligence and investigation that two of the male black subjects have tried to sell a handgun to an additional informant in the past two months. The affiant has utilized this confidential and reliable informant over past six months and has been proven to be a reliable source of information." Beasley reads the statement about the informant to refer only to the "additional informant" and not to the primary informant.

As with the temporal issue discussed above, the Court finds that the problem with the affidavit lies in the way it is written not in its contents. The last statement, that the affiant has used the informant over the past six months and the informant has proven to be a reliable source of information, appears to refer to the primary informant despite its placement in the paragraph and its proximity to the reference to an "additional informant." This reading is supported by the fact that the primary informant is referred to initially as a "qualified confidential and reliable informant," and the final sentence refers to "this confidential and

reliable informant." Obviously, the affiant could have been clearer in his drafting so any ambiguity about which informant the affiant had used for the past six months could have been avoided. However, looking at the paragraph as a whole, the Court finds that Beasley's argument, though again creative, fails.

For the foregoing reasons, Beasley's motion to suppress evidence is DENIED (doc. 20).

## II. The Statements

As to statements Beasley made after being taken into custody, Beasley contends that any such statements were procured in violation of <u>Miranda v. Arizona</u> because he was not provided with a recitation of his rights. At the hearing, the Government produced the arresting officer, who testified that he did provide Beasley with a recitation of his <u>Miranda</u> rights before engaging him in interrogation and that the arresting team viewed the recitation of rights. The only evidence to the contrary presented by Beasley at the hearing was, on cross examination, the officer stated that he did not videotape the recitation of rights and he did not obtain a written acknowledgment from Beasley indicating that he had received the recitation of his rights. Defense counsel indicated at closing argument that "there's usually a written acknowledgment given."

The Court finds that the Government has met its burden with respect to whether statements obtained from Beasley were done in violation of the Fifth Amendment. The Government's witness testified that he gave Beasley the <u>Miranda</u> warnings and that

Beasley acknowledged that he understood those warnings, and no evidence to the contrary was adduced. The witness appeared credible to the Court, and the Court was provided with no reason not to find him so. Consequently, Beasley's motion to suppress statements is DENIED (doc. 21).

       SO ORDERED.

Dated: September 6, 2011    /s/ S. Arthur Spiegel

                                      S. Arthur Spiegel
                                      United States Senior District Judge